PIERCE, Chief Judge.
Appellant John Eugene Kelley appeals to this Court from a judgment of conviction entered against him by the Hillsborough County Criminal Court of Record on a plea of guilty to an information charging that he burglarized the building known as King Arthur’s Inn in Tampa, and stole therefrom a television set and an air conditioner.
The only assignment of error relied upon by Kelley for reversal is that “the Defendant’s constitutional rights were violated.” This, of course, presents nothing specific for this Court to rule upon, and requires that we only peruse the record filed here to ascertain that he was accorded the basic rights of due process.
The record shows that he freely and voluntarily pleaded guilty to the charges against him; that he was questioned at length by the trial Judge both as to the voluntariness of his plea and also as to whether or not he did in fact commit the offenses with which he was charged; that he answered affirmatively that he had in fact committed the offenses; that his guilty plea was voluntary and of his own volition; and that he was freely and voluntarily waiving his right to a jury trial in entering his plea of guilty. The Court fully explained to him that he could receive a maximum of fifteen years imprisonment. He admitted he had been on parole at the time he committed the burglary and affirmed that he was without knowledge as *48 to what the Parole Commission would do with respect to his remaining parole time.
After conceding in substance the foregoing facts made known in open Court and evidenced here in the transcript of record, Kelley’s Court-appointed counsel representing him on this appeal requested that he be relieved as attorney of record, citing Anders v. State of Cal., 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493. On October 20, 1971, we accordingly granted Kelley thirty days therefrom to file any additional brief he desired calling our attention to any matters he felt should be considered by this Court, and also caused a copy of the brief previously filed in his behalf by the local Public Defender to be served upon him. Copies of our order of October 20th were duly served upon Kelley, his counsel, and the Attorney General. No such additional or supplemental brief has been filed here.
It appears to us from the foregoing that Kelley has had the benefit of all his constitutional rights at the trial, also upon this appeal, and that the judgment appealed from should be affirmed.
So ordered.
LILES and MANN, JJ., concur.